UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ANN D. JOHNSON,<br><br>　　　　Plaintiff,<br><br>-v-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | CASE NO.: 3:19cv185<br><br>JUDGE:  The Honorable John A. Gibney<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Ann D. Johnson, for her complaint against Midland Credit Management, Inc., ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") for Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Eastern District of Virginia and the events and/or omissions giving rise to the claims made in this complaint occurred within the Eastern District of Virginia.

1

## PARTIES

4. Plaintiff, Ann D. Johnson ("Ms. Johnson"), is a natural adult person residing in Fredericksburg, Virginia, which lies within the Eastern District of Virginia.

5. Ms. Johnson is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Defendant, Midland Credit Management, Inc., is a Kansas company, having a Certificate of Authority to transact business in the Commonwealth of Virginia, and is in the business of collecting consumer debts on behalf of others within the State of Virginia and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In its communications to consumers, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Prior to January 18, 2019, the Defendant attempted to communicate with Ms. Johnson through telephone calls to Ms. Johnson.

11. In response to the Defendant's prior attempts to elicit a response from Ms. Johnson, on or around January 18, 2019, Ms. Johnson accessed Defendant's website to ascertain more information about the debt Defendant was attempting to collect from her. A screenshot of Defendant's webpages accessed by Ms. Johnson is attached to this complaint as Exhibit A (the "Payment Portal").

12. During Ms. Johnson's access to the Payment Portal, Defendant identified itself to Ms. Johnson as a debt collector attempting to collect upon a debt. See Exhibit A.

13. During Ms. Johnson's access to the Payment Portal, Defendant attempted to collect a consumer debt from Ms. Johnson that was originally incurred to Discover in the sum of $1,741.35. See Exhibit A.

14. During Ms. Johnson's access to the Payment Portal, Defendant stated, in relevant part:

> "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or nonpayment of it to a credit bureau." *See* Exhibit A.

15. The applicable statute of limitations for the Subject Debt states, in relevant part:

"§ 8.01-246. Personal actions based on contracts.

Subject to the provisions of § 8.01-243 regarding injuries to person and property and of § 8.01-245 regarding the application of limitations to fiduciaries, and their bonds, actions founded upon a contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued:

4. In actions upon any unwritten contract, express or implied, within three years.

Provided that as to any action to which § 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling except that in products liability actions for injury to person and for injury to property, other than the property subject to contract, the limitation prescribed in § 8.01-243 shall apply."

Code 1950, §§ 8-13, 8-17, 8-23; 1964, c. 219; 1966, c. 118; 1977, c. 617.

16. As of January 18, 2019, the date Ms. Johnson accessing of the Payment Portal, the Subject Debt was a time-barred debt, i.e., it fell outside the applicable statute of limitations period.

17. Defendant attempted to collect the Subject Debt for Ms. Johnson during her accessing of the Payment Portal, including offers to "Make a Payment" and "View Available Discount Offers" See Exhibit A.

18. The Payment Portal gave the false impression that Defendant had chosen not to sue Ms. Johnson, not that it was legally barred from doing so.

19. After a reasonable time to conduct discovery, Mr. Johnson believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

20. Ms. Johnson was misled by Defendant's collection actions.

21. Ms. Johnson justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit and otherwise harm her economically.

22. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

23. As a result of Defendant's conduct, Ms. Johnson was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. After a reasonable time to conduct discovery, Ms. Johnson believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

25. As a result of Defendant's conduct, Ms. Johnson is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f through its representations and/or omissions to Ms. Johnson on the Payment Portal. The Payment Portal was unfair, misleading and deceptive because it created the impression that Defendant had chosen not to sue Ms. Johnson, rather than stating that Defendant was legally barred from doing so.

29. Defendant knew that the applicable statute of limitations to collect the Subject Debt had expired, yet failed to provide complete and/or accurate disclosure of same to Ms. Johnson.

30. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, complete and accurate, especially when Defendant is attempting to collect time-barred debt. Defendant had an

obligation to accurately alert Ms. Johnson as to her rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

31. As set forth in paragraphs 20 through 25 above, Ms. Johnson has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

32. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Ms. Johnson.

33. Such representations and/or omissions served only to confuse and intimidate Ms. Johnson and prevented her from adequately determining the character and legal status of the Subject Debt.

34. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

35. As Ms. Johnson had no prior contractual relationship or dealings with Defendant, Ms. Johnson was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

36. As set forth in paragraphs 20 through 25 above, Ms. Johnson has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ann D. Johnson, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D. Awarding Plaintiff such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

Respectfully Submitted,

ANN D. JOHNSON

By Counsel

PIKRALLIDAS LAW
10605 Judicial Drive, Building #A4
Fairfax, Virginia, 22030
Tel: (703) 267-2600
Fax: (703) 273-8046

_____/S/_____
Demetrios C. Pikrallidas, Esq. (VSB # 33872)
Email: DP@piklaw.com
Ryan M. Probasco, Esq. (VSB # 85431)
Email: RP@piklaw.com

*Counsellors for the Plaintiff*